## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES W. REED, III.,<br>aka DWIGHT BYRD, #1366669 | * | |
| Plaintiff | * | |
| v | * | Civil Action No.  CCB-05-3197 |
| WARDEN MCAC, et al., | * | |
| Defendants | * | |
| | ****** | |

### MEMORANDUM

On November 14, 2005, the court received correspondence from plaintiff which it construed as a motion for injunctive relief.  Plaintiff alleged that the Chief of Security at the Maryland Correctional Adjustment Center had interfered with plaintiff's medical care by persuading plaintiff's physician to approve his placement on the "special management meal" and had prevented medical personnel from examining him.  Plaintiff further alleged he was physically unable to eat the special management meal and therefore was on an involuntary hunger strike.  Paper No. 1.  Due to the serious allegations regarding plaintiff's health and well-being, the Warden was directed to file an emergency response.  Paper No. 2.  After reviewing the Warden's response, the court denied plaintiff's request for injunctive relief and directed him to file a supplemental complaint indicating the individuals against whom he sought to bring his case as well as how the actions of those individuals violated his constitutional rights.  Paper No. 5.

In his supplemental complaint, plaintiff indicated he wished to bring suit against Correctional Medical Services, Inc. ("CMS") and Dr. Cherelle Reddick-Lane.  Paper No. 7.  Defendants Reddick-Lane and CMS have jointly filed a dispositive motion, Paper No. 17, to which plaintiff has not

responded.[1]  No hearing is needed to resolve the question as to whether plaintiff is entitled to relief.

*See* Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, defendants' motion to dismiss

and/or for summary judgment, construed as a summary judgment motion, shall be granted.

## 1. Background

Plaintiff states that on November 1, 2005, he was placed on the special management meal

(also known as "food loaf").  He states that he was unable to digest the meal, would vomit

uncontrollably whenever he tried to eat them, and therefore was forced to go on a hunger strike.

On November 3, 2005, plaintiff was seen by Nurse Odilli.  Plaintiff's vital signs were checked

and his blood sugar was found to be "dangerously low."  The nurse telephoned the on-call doctor

who directed that plaintiff be removed from the special management meal.  Plaintiff states that

when Dr. Reddick-Lane reported for duty the next day, she countermanded the previous order

and directed that he be placed back on the special management meal.  The doctor further

ordered plaintiff be given double portions to meet his high caloric needs.  Plaintiff states that he

was unable to digest the food loaf because he is allergic to tomatoes and the food loaf is made

with tomato paste.  Plaintiff claims Dr. Reddick-Lane was aware of his food allergy but would

not permit him to see the dietician to request the food loaf be modified and to insure he not

receive any foods with tomatoes in them. Paper No. 7.  Plaintiff seeks punitive damages from

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  Paper Nos. 21, 24, and 25. Plaintiff was also informed that he was entitled to file materials in opposition to that motion and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact could result in the dismissal of his case or in the entry of summary judgment without further notice from the court. *Id.*.  Despite having  sought and received an extension of time to respond to the dispositive motion (Paper Nos. 27 and 28), plaintiff has failed to respond to the dispositive motion.  Further, it is the plaintiff's responsibility to advise the court, by filing in each pending case, notice of any change in address.

Plaintiff's supplemental complaint clarifies that the instant case is against Correctional Medical Services and Dr. Reddick-Lane.  Accordingly, the Warden shall be dismissed as a party to these proceedings.

CMS  and the revocation of Dr. Reddick-Lane's medical license. *Id.*

The uncontroverted records before the court demonstrate that on November 3, 2005, Dr. Abiodun noted plaintiff was on a hunger strike and was having nausea and vomiting.[2]  Dr. Abiodun ordered the special management meal be discontinued and plaintiff be provided a high calorie diet. Paper No. 20, Ex. B, p. 1. The following day, Dr. Reddick-Lane ordered that plaintiff resume the special management meal, but directed it be a "high calorie loaf" due to plaintiff's weight loss. *Id.*, p. 2.   Plaintiff's blood was drawn on November 21, 2005, showing that his blood sugar was low.  On November 23, 2005, Dr. Reddick-Lane renewed the high calorie diet for a period of thirty days.  *Id.*, Ex. B., p. 3-4.  On December 9, 2005, after noting that plaintiff's weight had dropped from 196 to 178, Dr. Reddick-Lane ordered a high calorie drink for 30 days to supplement plaintiff's diet. *Id.*, Ex. B, p. 5-7, 18.  Additionally, plaintiff was examined on October 19, 2005, January 30, 2006, and April 12, 2006, in the asthma clinic.  His weight was recorded as 191 pounds, 196 pounds, and 203 pounds, respectively. *Id.*, Ex. A.

Dr. Reddick-Lane examined plaintiff on December 19, 2005, after he complained of tightness in the chest.  At that time, plaintiff advised her that he was allergic to tomatoes and tomato products.  Dr. Reddick-Lane avers that she had never treated plaintiff for any allergic reactions to tomatoes before that date, and that plaintiff first mentioned his allergy to her on December 19.  *Id.*, Ex. A. She ordered that plaintiff's diet be changed to exclude tomatoes and

---

[2]The physician's order is dated October 3, 2005 and November 3, 2005 with a question mark next to the date.  According to the complaint, the date on which Dr. Abiodun discontinued the special management meal is November 3, 2005.

tomato products and requested a dietary consult[3]. *Id.*, Ex. B., p. 9.  On December 30, 2005, Dr. Lane ordered plaintiff's special management meal be discontinued.  *Id.*, p. 12.

On January 9, 2006, plaintiff was placed back on the special management meal.  Dr. Reddick-Lane approved plaintiff for the special management meal so long as the loaf was made without tomatoes or tomato products. *Id.*, Ex. B., p. 13.

On January 10, 2006, plaintiff was brought to the medical unit after overdosing on medication used to treat asthma.  Plaintiff refused to take the activated charcoal to treat the overdose and was transported to Johns Hopkins Hospital for further treatment.  While at the hospital, correctional employees observed plaintiff eating pizza with tomato sauce and a salad with tomatoes.  The correctional officers reported that plaintiff did not appear to suffer any ill effects from eating those foods. *Id.*, Ex. B., p. 14-16.

Plaintiff submitted sick calls slips on January 25, March 22, and April 17, 2006, complaining that he had not seen the dietician regarding his food allergy.  He denied eating tomatoes while in the hospital.  Plaintiff was examined on February 6, 2006, for complaints regarding his asthma and his desire to see the dietician.  At that time, plaintiff's blood chemistry, including his blood sugar, was normal.  *Id.*, Ex. B., p. 17-22.

## 2. Standard of review

A genuine issue of material fact precluding summary judgment exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798

---

[3]The dietician at the institution is tasked with reviewing the order regarding meals to insure the prison's kitchen can comply with the dietary order.  *Id.*, Ex. A., Ex. B., p. 8-11.

(4th Cir. 1994).  In making this determination, the evidence of the party opposing summary

judgment is to be believed and all justifiable inferences drawn in his favor.  *See Halperin v.*

*Abacus Tech. Corp.*,128 F.3d 191, 196 (4th Cir. 1997) (citing *Anderson,* 477 U.S. at 255).  The

non-moving party may not rest upon mere allegations or denials in his pleading, however, but

must set forth specific facts showing that there is a genuine issue for trial.  *See Anderson*, 477

U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991).  The "mere

existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a

defendant's summary judgment motion.  *Anderson*, 477 U.S. at 252.

3**. Analysis**

**A.       Respondeat Superior**

Plaintiff's allegation against CMS, the private prison health care provider, is based solely

upon the doctrine of *respondeat superior,* which does not apply in § 1983 claims, even where the

defendant is a private corporation.  *See Powell v. Shopco Laurel Co*., 678 F.2d 504, 506 (4th Cir.

1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991).  Accordingly,

plaintiff's complaint against CMS shall be dismissed.

**B.       Eighth Amendment**

"Scrutiny under the Eighth Amendment is not limited to those punishments authorized

by statute and imposed by a criminal judgment."  *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th

Cir. 2003), citing *Wilson v. Seiter,* 501 U.S.294, 297 (1991).   To state an Eighth Amendment

claim for denial of medical care, plaintiff must demonstrate that the actions of defendant (or her

failure to act) amounted to deliberate indifference to a serious medical need.  *See Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires

proof that, objectively, plaintiff was suffering from a serious medical need and, subjectively, prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above,  the medical condition at issue must be serious.  *See  Hudson v. McMillian,* 503 U.S. 1, 9 (1992).   Proof of an objectively serious medical condition, however, does not end the inquiry.  The second component of proof requires "subjective recklessness" in the face of the serious medical condition.  *See Farmer*, 511 U.S. at 839– 40.  "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official may avoid liability  "if [she] responded reasonably to the risk, even if the harm was not ultimately averted."  *Farmer*, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383, 390 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Records before the court demonstrate that Dr. Reddick-Lane has not acted with indifference to plaintiff's medical needs.  Rather, plaintiff simply disagrees with the medical and professional judgment of his care provider and attempts to impute the actions or inactions of the dietician to his physician.  The records demonstrate that when Dr. Reddick-Lane became aware of plaintiff's stated food allergy she entered an order modifying his diet so that he would not be served the offending foods. Later, when plaintiff was placed on the special management meal,

6

she approved the placement with the caveat that the meal not contain plaintiff's reported allergen - - tomatoes or tomato products. There is simply no evidence that she was deliberately indifferent to plaintiff's medical needs. Plaintiff's evaluation and treatment by Dr. Reddick-Lane and the orders she entered in response to those evaluations are constitutionally adequate and do not establish a deliberate indifference to plaintiff's serious medical needs.

Accordingly, defendants' motion for summary judgment shall be granted. A separate order follows.

___August 21, 2007___         _____/s/_____
Date                                 Catherine C. Blake
                                      United States District Judge